SEARER v. LOWER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7232.   Decided March 28, 1927.

First Publication of this Opinion.

745a.   MALPRACTICE—Mere presence of gauze in abdominal cavity, not sufficient as basis for verdict. Proof must tend to show that deposit of gauze· and failure of removal were proximate causes of injuries complained of, to assert that jury may infer proximate cause is unwarrantable.

1106. STATUTE OF LIMITATIONS—Where surgeon is employed for sole purpose of performing operation, statute of limitations to action for malpractice runs from day patient is discharged.

Error to Common Pleas.
Judgment affirmed.

Hedrick & Hedrick, Cleveland, for Searer.
Cook, McGowan, Foote, Bushnell & Burgess, Cleveland, for Lower.

SULLIVAN, PJ.

This cause comes into this Court on error from the Common Pleas of Cuyahoga County. It is sought to reverse the judgment of the court on the ground that it committed prejudicial error in sustaining a motion to direct a verdict for the defendant Wm. E. Lower, on the ground that there was no evidence of any negligent act on the part of the defendant, and that the action, being one for the recovery of damages for malpractice on the part of a physician and surgeon, was barred by the statute of limitations.

The petition, seeking for the recovery of $50,000, was filed, by the plaintiff, John Searer, Aug. 15, 1924, and the amended petition

April 16, 1925. In the latter pleading it was alleged, among other things, that the defendant held himself out as a surgeon skilled in the practice of his profession; that on the 10th day of August, 1921, and for some time prior thereto, the plaintiff was suffering from some affliction, the character of which was uncertain, and the defendant Dr. Lower was employed by him to treat and cure him, if possible of the malady; that, after an examination by the surgeon, it was discovered that a surgical operation was necessary and, on the 15th day of August, 1921, at Mt. Sinai Hospital, Cleveland, Ohio, the defendant performed a surgical operation on plaintiff and removed a kidney stone from his left side; that on the 31st day of the same month he performed another surgical operation upon the right side and removed a kidney stone therefrom; that incident to the performance of said operation the defendant inserted in plaintiff's abdominal cavity a quantity of cheese cloth or gauze, without the knowledge or consent of plaintiff, and, in violation of professional obligations, negligently and carelessly left the cheese cloth or gauze deposited in plaintiff's abdomen, and, by way of malpractice, closed the opening made in the abdomen, without removing the cloth, or gauze.

It is further alleged in the amended petition that on Sept. 17, 1921, the incision had entirely closed and the patient was removed to his home; that, in about one week after his return, the wound reopened, and, for about a week, there were certain discharges, but that thereafter the incision healed and remained closed until Jan. 13, 1922. when it broke open and discharged, and, in addition to pus and fluid, certain pieces of gauze, which, it is claimed, the surgeon had failed to remove, appeared on the wound. It is further alleged that on Oct. 20, 1923, the defendant performed another operation upon plaintiff and removed said cheese cloth or gauze, and that thereupon the defendant continued to treat plaintiff until Nov. 30, 1923, at which time the patient was discharged.

It is then alleged, that as a result of the careless and negligent act of the surgeon in failing to remove the cloth or gauze from the abdomen, and allowing the gauze to remain in the abdominal cavity for a period of more than two years, he suffered great pain and agony and required constant medical attention, and that by reason of this negligent act, he was unable to engage in employment, and alleges permanent injuries because of the premises.

The defendant filed an answer to the amended petition, denying any malpractice and asserting as a further defense that the cause of action was barred by the statute of limitations, which is within one year from the accruing of the cause of action.

These references to the amended petition are made for the purpose of noting that it alleges the deposit of the cheese cloth or gauze in the abdominal cavity and charges that it remained for a period of more than two years, and that on Oct. 20, 1923, the defendant surgeon, finding it so deposited, removed it, and that, in substance, the removal healed the patient.

It is to be further noticed from the allegations of the amended petition, that the injuries complained of resulted from these spe-

cific acts of negligence charged in the petition, and it is significant that there is no allegation that the negligent act was the proximate cause of the injuries for which recovery is sought, but a fair interpretation of the allegations is that the deposit of the foreign substance and its failure of removal for a period of more than two years, caused the injuries.

Now it follows that the proof of malpractice on the part of the surgeon should conform substantially to the allegations of the petition the substance of which is herein set forth. From an examination of the record the surgeon opened and closed the abdominal cavity in August of 1921 and, from that date until Oct. 20, 1923, the abdominal cavity had remained closed, but on this date it is unchallenged that upon the re-opening of the cavity there was no cheese cloth or gauze whatsoever therein. This fixed fact is significant, in the face of the allegation of the petition, that, on Oct. 20, 1923, the surgeon removed the cheese cloth and gauze. Thus there is no evidence to sustain the allegation of removal, and consequently no evidence of the deposit and failure to remove. In other words, it is indisputable that the cheese cloth and gauze used in the operation of August, 1921, were then and there removed.

It must also be observed, from an examination of the allegations of the amended petition, that there should be proof tendered to support the allegations of the pleading that the deposit of the gauze and its failure of removal were the proximate causes of the injuries complained of. We know of no exception to the rule, in cases of damages for breach of duty, which does not require proof of proximate cause. The plaintiff claims that the mere presence of the gauze, to the lay mind, is sufficient upon which to base a verdict for recovery of damages, on the ground that the negligent act complained of resulted in the injuries. There may have been numerous causes, some of which were detailed by the defendant, as to why it was necessary to perform the operation of October, 1923. Without any medical proof as to proximate cause, the jury would be left to wander at will and make its own selection as to the specific cause of the injuries complained of. The only evidence that could sustain the verdict would be evidence that the negligent act complained of produced the injury. The absence of such testimony would leave the most vital legal point in the case to the unguided action of the jury. The petition alleged that the gauze produced the injury. There is no proof in the record to sustain this allegation, and, in that status of the case, how can it be said that there would be any foundation upon which the jury might base its verdict as to the real question in the case. To assert that the jury may infer the proximate cause is unwarrantable in the absence of competent proof eliminating any other cause or causes which might exist and prejudice the results complained of. To give the jury its selection and to burden it with the duty of elimination, appears, upon its face, contrary to sound principles of law, as they apply to trial procedure.

Under the proof, the presence of the gauze in the cavity is based upon the inference arising from the alleged remnants adhering to the external wound. That inference is based upon the other inference that the gauze on the outside came from the inside, and nowhere else. That is an inference resting upon another inference, a doctrine finding no favor in Ohio or elsewhere, because it lacks the evidentiary character and quality of legal proof. The inference itself, however, has no foundation, for the third operation leaves no proof to support the allegation that the gauze was left there originally and removed in October, 1923.

This situation makes inapplicable the cases of Manley v. Coleman, 22 O. L. R. 242 and Palmer v. Huminston, 87 OS. 401.

The second ground upon which the court below directed a verdict for the defendant, is that the suit is barred by the statute of limitations which requires, in malpractice cases, that they be brought within one year from the time the cause of action accrued. The contract of employment between the surgeon and patient is the determining factor. In Gillette v. Tucker, 67 OS., 106, we quote the third paragraph of the syllabus as follows:

"The statute of limitations does not commence to run against a right to sue and recover on account of such want of skill, care and attention, until the case has been so abandoned or professional relation otherwise terminated."

Upon the record of the instant case the surgeon's employment commenced about the time of the operation in August of 1921. The plaintiff, as disclosed by the evidence, had a regular physician attending him in his home town, and the defendant, in this case, was employed specially to perform the operations of August, 1921. These operations were performed under the contract and the employment then and thereupon ceased, and thus the contract then and there ended, as the patient returned to the care of his own physician in his own home. A year from that date would be August, 1922, in which period of time the action was not commenced.

Able counsel for plaintiff, in citing the Gillette case supra, quotes as follows:

"Each day's failure to remove the sponge was a fresh breach of the contract implied by law. The removal of the sponge was a part of the operation and, in this respect, the surgeon left the operation incompleted."

This situation cannot apply to the instant case, for the reason that the record above shows a special employment ending with the performance of the operation, and because of the failure of substantive proof to show the presence of the sponge. The case of Palmer v. Humiston, 87 OS. 401, does not apply for the same reason.

It is well settled in Ohio that the statute of limitations does not begin to run until the termination of the relationship, and only from the time when the employment ceases. This doctrine is laid down in Bowers v. Santee, 99 OS. 361.

The record shows, by the plaintiff's testimony, that he was discharged by Dr. Lower in September, 1921, after the second operation, and that he returned thereupon to his home in Akron and went again under the care of his family physician, Dr. Rankin. This testimony is similar upon the question of the end of the employment, to that of the defendant, who testifies that his employment ceased in August of 1921.

Holding these views, it is our judgment that there is no prejudicial error in the record, and therefore, the judgment of the lower court is affirmed.

(Levine, J., concurs.    Vickery, J., not sitting.)